UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DANIEL C. MARION, JR.,

               Petitioner,

    v.

DAVID SHOOK,

               Respondent.

CASE NO. 3:26-CV-5573-KKE-DWC

ORDER DECLINING TO SERVE PETITION

The District Court has referred this action to United States Magistrate Judge David W. Christel. On June 2, 2026, Petitioner Daniel C. Marion, Jr., a pre-trial detainee housed at the Clark County Jail, filed a federal habeas Petition pursuant to 28 U.S.C. § 2241. Dkt. 1. On June 23, 2026, Petitioner paid the $5.00 filing fee. Dkt. 5. The Court has reviewed the Petition and concludes the Petition is unexhausted and it is inappropriate for the Court to intervene in this case. Therefore, the Court directs Petitioner to file a response to this Order or an amended pleading by July 27, 2026.

ORDER DECLINING TO SERVE PETITION - 1

## I.    Background

In the Petition, Petitioner contends his constitutional rights are being violated because he has not been afforded counsel, the State acted with prejudice toward Petitioner, he received an unfair bail, and he has been forced to choose between a speedy trial and constitutional rights. Dkt. 5. He requests release and the charges to be dropped. *Id*.

## II.    Discussion

### A.  Exhaustion

"[A] state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971). Petitioner's claims will be considered exhausted only after "the state courts [have been afforded] a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Although there is no exhaustion requirement mandated by 28 U.S.C. § 2241(c)(3), the Ninth Circuit Court of Appeals has held exhaustion is necessary as a matter of comity unless special circumstances warrant federal intervention prior to a state criminal trial. *Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980); *see Younger*, 401 U.S. 37. Petitioner fails to show state court remedies were exhausted by presenting federal constitutional or statutory claims to the Washington state trial and appellate courts in the ongoing criminal proceedings against him. *See* Dkt. 5. Petitioner has also not shown special circumstances warrant federal intervention in

ORDER DECLINING TO SERVE PETITION - 2

this case. *See id*. Therefore, Petitioner must show cause why this case should not be dismissed for failure to exhaust state remedies.

### B. *Younger* Abstention

Petitioner's case may also be inappropriate in federal court under the *Younger* abstention doctrine. Under *Younger*, abstention from interference with pending state judicial proceedings is appropriate when: "(1) there is 'an ongoing state judicial proceeding'; (2) the proceeding 'implicate[s] important state interests'; (3) there is 'an adequate opportunity in the state proceedings to raise constitutional challenges'; and (4) the requested relief 'seek[s] to enjoin' or has 'the practical effect of enjoining' the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (quoting *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014)). Federal courts, however, do not invoke the *Younger* abstention if there is a "showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982).

First, Petitioner is a pre-trial detainee with ongoing state proceedings. Second, as these proceedings involve a criminal prosecution, they implicate important state interests. *See Kelly v. Robinson*, 479 U.S. 36, 49, (1986); *Younger*, 401 U.S. at 43-44. Third, Petitioner has failed to allege facts showing he has been denied an adequate opportunity to address the alleged constitutional violations in the state court proceedings. Last, Petitioner raises claims that would effectively enjoin the ongoing state judicial proceeding. As the *Younger* abstention applies to Petitioner's claims, Petitioner must show cause why this case should not be dismissed under *Younger*.

ORDER DECLINING TO SERVE PETITION - 3

**III.   Motion to Dismiss and Motion to Reduce Bail**

Petitioner filed two motions, a Motion to Dismiss and a Motion to Reduce Bail. Dkts. 6, 7. Petitioner did not sign the Motions. *See* Local Civil Rule 10(e)(4). Further, the Motions seek the ultimate relief requested in the Petition. As the Court has not yet served the Petition and as Respondent has not been required to respond, the requested relief is premature. For these reasons, the Motions (Dkts. 6, 7) are denied.

**IV.   Instructions to Petitioner and the Clerk**

If Petitioner intends to pursue this § 2241 habeas action, he must file response to this Order. If he fails to adequately address the issues raised herein or file an amended pleading on or before July 27, 2026, the undersigned will recommend dismissal of this action. The Court notes any amended pleading will completely replace the current Petition.

The Clerk is directed to provide Petitioner with the forms for filing a petition for habeas corpus relief pursuant to 28 U.S.C. § 2241.

Dated this 25th day of June, 2026.

David W. Christel
United States Magistrate Judge

ORDER DECLINING TO SERVE PETITION - 4